Filed 5/23/23 P. v. Avelar CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079908 |
| v. | (Super.Ct.No. FWV21000156) |
| FABIAN AVELAR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Ingrid Adamson Uhler, Judge. Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No response from Plaintiff and Respondent.

1

Fabian Avelar appeals his conviction and sentence for attempted murder (Pen. Code, §§ 644/187, unlabeled statutory citations refer to this code) with allegations that he inflicted great bodily injury (§12022.7) and used a firearm (§12022.53 (c), (d)) and his convictions for discharging a firearm at an occupied vehicle (§ 246), and assault with a firearm (§ 245 (a)(2)). Finding no arguable issues, we affirm.

<strong>I</strong>

<strong>FACTS</strong>

On the evening of December 29, 2020, Michael Falcon parked his car near the Party Time Liquor store in Ontario. Falcon testified he was sitting in his car with the door open, rolling a marijuana blunt, when someone approached him said, "What's up, bitch," and fired at least two shots, wounding his elbow and thigh.

The shooter left the scene and Falcon contacted 911. At the hospital, where he received treatment, Falcon initially told responding authorities he didn't know who shot him. However, he later identified Avelar as the shooter. Falcon explained he didn't identify Avelar as the assailant at first because he was afraid of being labeled a snitch in his neighborhood.

Surveillance footage showed Avelar parking a car near Party Time Liquor, entering and exiting the store, and departing from the scene. In a postarrest interview, Avelar acknowledged still photographs taken from the surveillance video depicted him at the store. Though they could not positively identify Avelar, bystanders testified to seeing

2

the man who drove away in Avelar's car approach Falcon and then retreat with a handgun after they had heard gunshots.

## II

## ANALYSIS

We appointed counsel to represent defendant on appeal. Counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting out a statement of the case, and identifying one potential arguable issue—whether the trial court judge prejudicially erred by failing to omit reference to certainty as a relevant factor for eyewitness identification in CALCRIM No. 315. We offered Avelar an opportunity to file a supplemental brief, which he chose not to do.

The trial judge did not err by failing to omit reference to certainty as a relevant factor for eyewitness identification. Though witness confidence in an identification is not correlated with accuracy of identification, any error was harmless where the eyewitness knew Avelar before the shooting and the primary defense trial strategy was to imply he was testifying falsely, not that he had made a mistake. (*People v. Wright* (2021) 12 Cal.5th 419, 453.)

In addition, we've conducted an independent review of the record and find no other arguable issues. Counsel's compliance with the *Wende* procedure and our review of the record have provided Avelar adequate and effective appellate review of his conviction

and sentence. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

## III

## DISPOSITION

We affirm the sentence.

SLOUGH_____

J.

We concur:

RAMIREZ_____

P. J.

FIELDS_____

J.